PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P. C.
21550 Oxnard Street, Suite 900
Woodland Hills, California 91367
Telephone:   (818) 883-4900
Fax:         (818) 883-4902
Email:       peter@dion-kindemlaw.com

LONNIE C. BLANCHARD, III (SBN 93530)
THE BLANCHARD LAW GROUP, APC
3311 East Pico Boulevard
Los Angeles, CA 90023
Telephone:   (213) 599-8255
Fax:         (213) 402-3949
Email:       lonnieblanchard@gmail.com

Attorneys for Plaintiff Sarmad Syed

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sarmad Syed, an individual, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>       vs.<br><br>M-I LLC, a Delaware Limited Liability Company, PreCheck, Inc., a Texas Corporation, and Does 1 through 10,<br><br>       Defendants. | **Case No.**<br><br>**Class Action Complaint and Demand for Jury Trial** |

Plaintiff Sarmad Syed ("Plaintiff") alleges:

1. This class action alleges that certain policies and practices followed by Defendants M-I LLC and PreCheck, Inc. in furnishing, using, procuring, and/or causing to be procured consumer reports for employment purposes violate the provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681, *et seq*. Specifically, Defendants violate Section 1681b(b) of the FCRA by furnishing, using, procuring, and/or causing to be procured consumer reports for employment

**Complaint**

1

purposes by failing to make proper disclosures required thereunder.

## JURISDICTION/VENUE

2. The Court has jurisdiction under 15 U.S.C. Section 1681p.

3. Venue is proper in this Court under 28 U.S.C. Section 1391(b) because the Defendants regularly do business in this district.

## PARTIES

4. Sarmad Syed ("Plaintiff") is a resident of California and is a "consumer" protected by the FCRA.

5. Defendant M-I LLC ("M-I") is believed to be Delaware limited liability company. M-I was a "user" of a consumer reports for employment purposes pertaining to Plaintiff and certain class members and procured and/or caused them to be procured by Defendant PreCheck, Inc.

6. Defendant PreCheck, Inc. is believed to be a Delaware corporation. PreCheck furnished consumer reports to M-I and other persons for employment purposes and procured or caused to be procured consumer reports with respect to Plaintiff and class members for employment purposes.

7. Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, suppliers, agents, servants or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's and Class Members' rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them.

8. Each of the Defendants has been or is the principal, officer, director, agent, employee, representative and/or co-conspirator of each of the other defendants and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. At an unknown time, some or all of the Defendants entered into a conspiracy with other of the

Defendants to commit the wrongful acts described herein. These wrongful acts were committed in furtherance of such conspiracy. Defendants aided and abetted each other in committing the wrongful acts alleged herein. Each of the Defendants acted for personal gain or in furtherance of their own financial advantage in effecting the acts alleged herein.

### First Claim for Relief

### Violation of the FCRA Section 1681b(b)

9. Plaintiff realleges all of the preceding paragraphs.

10. The FCRA defines a "person" as ". . . any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental sub-division, or other entity."

11. M-I and PreCheck are each a "person" as defined by the FCRA.

12. The FCRA defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, mode of living which is used or expected to be used for. . . (B) employment purposes."

13. M-I, as standard practice, routinely obtains "consumer reports" about its employees or prospective employees for employment purposes.

14. PreCheck, as a standard practice, furnishes, procures and/or causes to be prepared "consumer reports" about consumers to Shred-It and other persons for employment purposes.

15. Section 1681b(b) of the FCRA regulates the conduct of "persons" who furnish or use a "consumer report" for employment purposes as follows:

> (b) Conditions for furnishing and using consumer reports for employment purposes
>
> > (1) Certification from user
>
> A consumer reporting agency may furnish a consumer report for employment purposes only if --
>
> > (A) the person who obtains such report from the agency certifies to the agency that--

        (i) the person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable; and

        (ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation; and

    (B) the consumer reporting agency provides with the report, or has previously provided, a summary of the consumer's rights under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title.

(2) Disclosure to consumer

    (A) In general

    Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless--

        (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

        (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

. . .

16. At all times relevant hereto, PreCheck, Inc. was a "consumer reporting agency" governed by the FCRA. During the relevant time, PreCheck, Inc. was regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. Section 1681(d), to third parties, including M-I for employment purposes.

17. Plaintiff applied for a job with M-I on or about July 20, 2011.

18. As part of the application process, Plaintiff was presented with and executed a document entitled "Pre-employment Disclosure & Release." (See Exhibit 1.) This form was prepared by PreCheck and provided by PreCheck to M-I and other employers. This form includes a provision waiving or releasing rights as follows:

**Complaint**

4

> I understand the information obtained will be used as one basis for employment or denial of employment. I hereby discharge, release and indemnify prospective employer, PreCheck, Inc., their agents, servants and employees, and all parties that rely on this release and/or the information obtained with this release from any and all liability and claims arising by reason of the use of this release and dissemination of information that is false and untrue if obtained by a third party without verification.
>
> It is expressly understood that the information obtained through the use of this release will not be verified by PreCheck, Inc.

19. Defendant PreCheck violated Section 1681b(b)(1) by furnishing consumer reports for employment purposes without obtaining accurate certifications from M-I and other persons to whom they furnished consumer reports for employment purposes that they had complied with the provisions of subparagraph (2) and by knowing or recklessly failing to know that the disclosure and authorization form they provided to M-I and other persons to whom they furnished consumer reports for employment purposes did not comply with the provisions of Section 1681b(b)(2).

20. Defendant PreCheck violated Section 1681b(b)(2) by providing M-I and other persons to whom they furnished consumer reports for employment purposes with the disclosure and authorization forms used by such persons, which forms PreCheck knew or recklessly failed to know did not comply with the provisions of Section 1681b(b)(2), thereby procuring or causing to be procured a consumer report for employment purposes without the making of the required disclosure in compliance with the provisions of Section 1681b(b)(2).

21. Defendant M-I violated Section 1681b(b)(2) by procuring or causing to be procured consumer reports for employment purposes without making the required disclosure "in a document that consists solely of the disclosure" by using the disclosure and authorization form to obtain indemnity and a release of claims from consumers.

22. Defendants knew or should have known about their legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission. Defendants obtained or had available substantial written materials which apprised them of their duties under the FCRA. Any reasonable employer or consumer reporting agency knows about or can easily discover these obligations.

23. Despite knowing of these legal obligations, Defendants acted consciously in breaching their known duties and depriving Plaintiff and other Class members their rights under the FCRA.

24. As a result of these FCRA violations, Defendants are liable for statutory damages from $100 to $1,000 for each violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2), and attorney's fees and costs pursuant to Section 1681n and Section 1681o.

25. Plaintiff and Class Members are entitled to equitable relief against Defendants requiring their compliance with the FCRA in all future instances and/or re-employment of Plaintiff, and enjoining their future violations of the FCRA.

26. Plaintiff discovered Defendants' violation(s) within the last two years when he obtained and reviewed his personnel file from Defendants and discovered that Defendants had furnished, used, procured and/or caused to be procured a "consumer report" regarding him for employment purposes.

## CLASS ACTION ALLEGATIONS

27. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class initially defined as follows:

   **PreCheck Class**

   All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom PreCheck furnished consumer reports for employment purposes within the period prescribed by FCRA, 15 U.S.C. §1681p and as to which such class members did not receive the legally required disclosures under Section 1681b(b)(2).

   **M-I Sub-Class**

   All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom M-I or any of its related companies procured or caused to be procured a consumer report for employment purposes within the period prescribed by FCRA, 15 U.S.C. §1681p without providing the legally required disclosures under Section 1681b(b)(2).

28. **Numerosity. Fed. R. Civ. P. 23(a)(1).** The members of the Class are so numerous that joinder of

all members is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

29. **Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

   a. Whether Defendants violated Section 1681b(b) by procuring or causing to be procured consumer reports for employment purposes without making the required disclosure "in a document that consists solely of the disclosure" as required by Section 1681b(b)(2)(A)(i).

   b. Whether Defendant PreCheck violated Section 1681b(b) by furnishing consumer reports for employment purposes knowing or reckless failing to know that PreCheck had not obtained accurate certifications from the persons to whom they provided such reports that such persons had complied with Section 1681b((b)(2).

   c. Whether Defendants' violations were willful.

30. **Typicality. Fed. R. Civ. P. 23(a)(3)**. Plaintiff's class claims are typical of the claims of Class members. Plaintiff for class certification purposes seeks only statutory and punitive damages. In addition, Plaintiff is entitled to relief under the class claims as the other members of the Class.

31. **Adequacy. Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the Classes because Plaintiff's interests coincide with, and are not antagonistic to, the interests of the members of the Class Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

32. **Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and

punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

33. **Injunctive Relief Appropriate for the Class. Fed. R. Civ. P. 23(b)(2).** Class certification is appropriate because Defendants have acted on grounds generally applicable to the Classes, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.

## Second Claim for Relief

## Violation of California Civil Code Section 1786.16

34. Plaintiff realleges paragraphs 1 through 8.

35. California has enacted the Investigative Consumer Reporting Agencies Act, Civ. Code, §§ 1786 to 1786.60 ("ICRAA").

36. Section 1786.2 defines certain terms as follows:

> (a) The term "person" means any individual, partnership, corporation, limited liability company, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity. The term "person" as used in this title shall not be construed to require duplicative reporting by any individual, corporation, trust, estate, cooperative, association, government, or governmental subdivision or agency, or other entity involved in the same transaction.
>
> (b) The term "consumer" means a natural individual who has made application to a person for employment purposes, for insurance for personal, family, or household purposes, or the hiring of a dwelling unit, as defined in subdivision (c) of Section 1940.
>
> (c) The term "investigative consumer report" means a consumer report in which information on a consumer's character, general reputation, personal characteristics, or

**Complaint**

8

mode of living is obtained through any means. The term does not include a consumer report or other compilation of information that is limited to specific factual information relating to a consumer's credit record or manner of obtaining credit obtained directly from a creditor of the consumer or from a consumer reporting agency when that information was obtained directly from a potential or existing creditor of the consumer or from the consumer. Notwithstanding the foregoing, for transactions between investigative consumer reporting agencies and insurance institutions, agents, or insurance-support organizations subject to Article 6.6 (commencing with Section 791) of Chapter 1 of Part 2 of Division 1 of the Insurance Code, the term "investigative consumer report" shall have the meaning set forth in Section 791.02 of the Insurance Code.

(d) The term "investigative consumer reporting agency" means any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent.

. . .

(f) The term "employment purposes," when used in connection with an investigative consumer report, means a report used for the purpose of evaluating a consumer for employment, promotion, reassignment, or retention as an employee.

. . .

37. M-I is a "person" described in Civil Code Section 1786.12(d).

38. M-I, as standard practice, routinely obtains "investigative consumer reports" about its employees or prospective employees.

39. Civil Code Section 1786.16 provides:

(a) Any person described in subdivision (d) of Section 1786.12 shall not procure or cause to be prepared an investigative consumer report unless the following applicable conditions are met:

. . .

(2) If, at any time, an investigative consumer report is sought for employment purposes other than suspicion of wrongdoing or misconduct by the subject of the investigation, the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if *all of the following apply*:

(A) The person procuring or causing the report to be made has a permissible purpose, as defined in Section 1786.12.

**Complaint**

(B) The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made *in a document that consists solely of the disclosure*,

(i) An investigative consumer report may be obtained.

(ii) The permissible purpose of the report is identified.

(iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

(iv) Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.

(v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22. . . .

(C) The consumer has authorized in writing the procurement of the report.

(4) The person procuring or causing the request to be made shall certify to the investigative consumer reporting agency that the person has made the applicable disclosures to the consumer required by this subdivision and that the person will comply with subdivision (b). (Emphasis added.)

40. The disclosure provided to Plaintiff is attached as Exhibit 1.

41. Defendants violated Section 1786.16 by failing to provide the requisite notice to Plaintiff before procuring a consumer investigative report concerning Plaintiff.

42. Defendant's violation of the statute was grossly negligent or willful in that Defendants knew or should have known about their legal obligations under the ICRAA. These obligations are well established in the plain language of the ICRAA. Defendants obtained or had available substantial written materials which apprised them of their duties under the ICRAA. Any reasonable employer knows about or can easily discover these obligations. Despite knowing of these legal obligations, Defendants acted willfully or in a grossly negligent manner in breaching their known duties and depriving Plaintiff of his rights.

43. Plaintiff discovered Defendants' violation(s) within the last two years when he obtained and reviewed his personnel file from Defendants and discovered that Defendants had procured an "investigate consumer report" regarding him without providing legally required notice.

44. As a result of Defendants' violation of the statute, Plaintiff is entitled to recover actual damages

or $10,000, whichever is greater, pursuant to Civil Code Section 1786.50.

45. As a result of Defendants' violation of the statute, Plaintiff is entitled to recover reasonable attorney's fees pursuant to Civil Code Section 1786.50.

46. As a result of Defendants' violation of the statute, and because Defendants' violation was willful or grossly negligent, Plaintiff is entitled to punitive damages, according to proof, pursuant to Civil Code Section 1786.50.

WHEREFORE, Plaintiff demands a jury trial and requests that judgment be entered against all Defendants as follows:

1. For an order certifying the proposed FCRA class under Federal Rule 23 and appointing Plaintiff and Plaintiff's undersigned counsel of record to represent same;
2. For statutory damages;
3. For punitive damages;
4. For injunctive relief as requested;
5. For attorney's fees and costs;
6. For interest as provided by law;
7. For such other and further relief as the Court deems proper.

Dated: May 16, 2014          THE DION-KINDEM LAW FIRM

BY: _____
PETER R. DION-KINDEM, P.C.
PETER R. DION-KINDEM
Attorney for Plaintiff Sarmad Syed

**Complaint**
11

# Exhibit 1

**PRE-EMPLOYMENT DISCLOSURE & RELEASE**

(PLEASE PRINT)

**preCheck inc.**
A Background Investigation Company

Tel: 713-861-5959
1-800-999-9861
Fax: 1-800-207-2778

- APPLICANT'S FULL NAME: SARMAD SYED

Any Other Name You Have Worked Under: SAM

Social Security No.: [redacted]    Date of Birth: [redacted]

Current Address: 3702 N. LIVE OAK AVE

City: RIALTO    State: CA    Zip: 92377

Driver's License No.: [redacted]    State: CA

My Present Employer May Be Contacted For a Job Reference: Yes ☑   No ☐

Pursuant to the requirements of the Fair Credit Reporting Act, I acknowledge that a credit report, consumer report² and/or investigative consumer report¹ may be made in connection with my application for employment with prospective employer. (including contract for services). I understand that these investigative background inquiries may include credit, consumer, criminal, driving, prior employment and other reports. These reports may include information as to my character, work habits performance and experience, along with reasons for termination of past employment from previous employers. Further, I understand that prospective employer and PreCheck, Inc., may be requesting information from various Federal, State, and other agencies which maintain records concerning my past activities relating to my driving, credit, criminal, civil and other experiences, as well as claims involving me in the files of insurance companies.

I authorize, without reservation, any party or agency contacted by PreCheck, Inc. to furnish the above mentioned information. I authorize VIE to Provide PreCheck, Inc. or any potential employer of this employment transaction, state records of employment, including information reported by individual employers to the state, including State Employment Security Agency records. This authorization is for this employment transaction only and continues in effect for 365 days from the date of Applicant's execution of this consent unless limited by state law, in which case the authorization continues in effect for the maximum period, not to exceed 365 days, allowed by law. I understand that my refusal to consent shall not be the basis for the denial of employment and that my decision is voluntary and not required by law. A photocopy of this authorization shall have the same effect as the original.

I understand the information obtained will be used as one basis for employment or denial of employment. I hereby discharge, release and indemnify prospective employer, PreCheck, Inc., their agents, servants and employees, and all parties that rely on this release and/or the information obtained with this release from any and all liability and claims arising by reason of the use of this release and dissemination of information that is false and untrue if obtained from a third party without verification.

It is expressly understood that the information obtained through the use of this release will not be verified by PreCheck, Inc.

I have read and understood the above information, and assert that all information provided by me is true and accurate.

- APPLICANT'S SIGNATURE: [signature]    DATE: July 2nd, 2011

If you are denied employment, either wholly or partly because of information contained in a consumer report, a disclosure will be made to you of the name and address of the investigative agency making such report. Upon your written request within a reasonable period of time, the investigative agency compiling the report will make a complete and accurate disclosure of the nature and scope of the investigation.

- The Age Discrimination in Employment Act of 1987 prohibits discrimination on the basis of age with respect to individuals who are at least 40 years of age. This information is for consumer report purposes only.
- A consumer report may consist of employment records, educational verification, licensure verification, driving record, previous address and public records relative to criminal charges.
- An "Investigative Consumer Report" means a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with persons having knowledge.