UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SARMAD SYED, an individual, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>M-I LLC, a Delaware Limited Liablity Company; PRECHECK, INC., a Texas Corporation; and DOES 1-10,<br><br>    Defendants. | CIV. NO. 1:14-742 WBS BAM<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS |

----oo0oo----

Plaintiff Sarmad Syed brought this putative class action against defendants M-I, LLC ("M-I") and PreCheck, Inc. ("PreCheck"), in which he alleges that defendants failed to comply with state and federal credit reporting laws while conducting pre-employment background checks. Defendants now move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief

1

can be granted.

I.   Factual and Procedural History

Plaintiff applied for a job with M-I on July 20, 2011. (Compl. ¶ 17 (Docket No. 1).)  During the application process, plaintiff filled out and signed a one-page form entitled "Pre-Employment Disclosure and Release." (Id. ¶ 18.)  That form, which PreCheck allegedly prepared and provided to M-I, included the following language:

> I understand that the information obtained will be used as one basis for employment or denial of employment.  I hereby discharge, release, and indemnify prospective employer, PreCheck, Inc., their agents, servants, and employees, and all parties that rely on this release and/or the information obtained with this release from any and all liability and claims arising by reason of the use of this release and dissemination of information that is false and untrue if obtained by a third party without verification.
>
> It is expressly understood that the information obtained through the use of this release will not be verified by PreCheck, Inc.

(Id.)

At some point "within the last two years," plaintiff allegedly obtained and reviewed his personnel file. (Id. ¶ 26, 43.)  Upon doing so, he discovered that defendants had procured a consumer credit report about him. (Id.)  Plaintiff alleges that defendants procured this report unlawfully because the disclosure appeared in a form that did not consist "solely of the disclosure," as required by state and federal law. (Id. ¶¶ 15, 39.)

Plaintiff filed this putative class action on May 19, 2014, and asserts that defendants' failure to provide disclosures on a separate form violates both the Fair Credit Reporting Act

2

1  ("FCRA"), 15 U.S.C. §§ 1681 et seq., and the California
2  Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal.
3  Civ. Code §§ 1786 et seq.  Defendants now move to dismiss
4  plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to
5  state a claim upon which relief can be granted.  (Docket Nos. 10,
6  14.)

## II. Discussion

On a motion to dismiss under Rule 12(b)(6), the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with a defendant's liability," it "stops short of the line between possibility and plausibility." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).

### A. Fair Credit Reporting Act

The elements of an FCRA claim depend on the relief that a plaintiff seeks. When a plaintiff only seeks actual damages sustained as a result of an FCRA violation, he need only allege that the defendant was negligent. 15 U.S.C. § 1681o(a). But when a plaintiff seeks statutory and/or punitive damages, he must allege that the defendant "willfully fail[ed] to comply" with the

3

FCRA. Id. § 1681n(a). Because plaintiff seeks only statutory and punitive damages under § 1681n(a), (see Compl. ¶ 24), he must allege that defendants' violation of the FCRA was willful in order to state a claim for relief.

In Safeco Insurance Company of America v. Burr, the Supreme Court held that the FCRA's use of the term "willful" requires a plaintiff to show that the defendant's conduct was intentional or reckless. 551 U.S. 47, 57 (2007). Recklessness, in turn, consists of "action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known." Id. at 68 (citation and internal quotation marks omitted). In other words, "a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." Id. at 69. Applying this standard, the Court held that a defendant's violation of the FCRA is not reckless simply because its understanding of its statutory obligations is "erroneous"; instead, a plaintiff must allege, at a minimum, that the defendant's reading of the FCRA is "objectively unreasonable."[1]  Id.

---

[1] As a general rule, whether a defendant's conduct was "willful" is a fact-intensive inquiry. See, e.g., Edwards v. Toys "R" Us, 527 F. Supp. 2d 1197, 1210 (C.D. Cal. 2007) ("Willfulness under the FCRA is generally a question of fact for the jury." (citations omitted)). However, Safeco strongly suggests that the issue of whether a defendant's reading of the FCRA was "objectively unreasonable" is a question of law. For instance, the Court held that there was no need to remand the case for further factual development because, as a matter of law,

Here, plaintiff alleges that defendants' conduct was reckless because they "knew or should have known about their legal obligations under the FCRA," that "[t]hese obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission," and that "any reasonable employer or consumer reporting agency knows or easily can discover these obligations." (Compl. ¶ 22.)  Plaintiff has not cited any opinion of the FTC to support this contention--perhaps because the FTC's opinion letters suggest that the FCRA may not be so clear-cut. See Letter from William Haynes, Attorney, Div. of Credit Practices, Fed. Trade Comm'n, to Richard W. Hauxwell, CEO, Accufax Div. (June 12, 1998), 1998 WL 34323756 (F.T.C.), at *1 (opining that "it is our position that the disclosure notice and the authorization may be combined" under certain circumstances); Letter from Cynthia Lamb, Investigator, Div. of Credit Practices, Fed. Trade Comm'n, to Richard Steer, Jones Hirsch Connors & Bull, P.C. (Oct. 21, 1997), 1997 WL 33791227 (F.T.C.), at *1 ("We believe that including an authorization in the same document with the disclosure . . . will not distract from the disclosure itself; to the contrary, a consumer who is required to authorize procurement of the report

---

"Safeco's misreading of the statute was not reckless." 551 U.S. at 71.  It suggested that courts should consider whether a plaintiff had "guidance from the courts of appeals or the Federal Trade Commission (FTC) that might have warned it away from the view it took." Id. at 70.  It emphasized that courts should not consider the presence or absence of subjective bad faith in conducting this analysis. Id. at 70 n.20.  And perhaps most tellingly, it analogized this inquiry to the "clearly established" inquiry required under the Court's qualified immunity precedents--an inquiry that is legal in nature. See id. at 70 (citing Saucier v. Katz, 533 U.S. 194, 202 (2001)).

on the same document will be more likely to focus on the disclosure.").

Plaintiff's allegation that the "plain language of the FCRA" should have apprised defendants of their obligations to provide a disclosure on a separate form--and to certify that the disclosure form complied with the FCRA--founders for similar reasons.  The parties have not cited, and the court cannot identify, any decision of the Ninth Circuit or a district court within the Ninth Circuit construing the phrase "consisting solely of the disclosure."  The "dearth of authority" from the Ninth Circuit suggests that defendant's reading of the FCRA is not objectively unreasonable.  Safeco, 551 U.S. at 70.

In addition, those district courts that have considered whether a combined disclosure and release form violates the FCRA have reached varying conclusions. Compare Reardon v. Closetmaid Corp., Civ. No. 2:08-1730, 2013 WL 6231606, at *10-11 (W.D. Pa. Dec. 2, 2013) (holding that combined disclosure and liability waiver violated FCRA), and Singleton v. Domino's Pizza, Civ. No. 11-1823, 2012 WL 245965, at *9 (D. Md. Jan. 25, 2012) (same) with Burghy v. Dayton Racquet Club, Inc., 695 F. Supp. 2d 689, 696 (S.D. Ohio 2009) (holding that combined disclosure and liability waiver did not violate FCRA because the waiver was "not so great a distraction as to discount the effectiveness of the disclosure and authorization statements") and Smith v. Waverly Partners, Civ. No. 3:10-28, 2012 WL 3645324, at *5-6 (W.D.N.C. Aug. 23, 2012) (same); see also Avila v. NOW Health Grp., Inc., Civ. No. 14-1551, 2014 WL 3637825, at *2 (N.D. Ill. July 17, 2014) (noting split in authority on this issue).  The inability of district

1  courts around the country to agree on whether a combined
2  disclosure and liability release violates the FCRA suggests that
3  the statute is "less than pellucid," Safeco, 551 U.S. at 70, or
4  at least not as clear as plaintiff claims.  And in light of the
5  divergent positions taken by courts on this issue, the court
6  cannot conclude that defendants' interpretation of the
7  requirement that the disclosure appear on a form consisting
8  "solely of the disclosure" is erroneous, let alone "objectively
9  unreasonable."  See id.
10          Absent plaintiff's allegation that defendant's conduct
11 was objectively unreasonable, he is left with only bare
12 allegations that defendants' conduct was "willful" and
13 "reckless."  But these allegations, which consist only of "labels
14 and conclusions" without factual content, are not sufficient to
15 state a claim that defendants' conduct was willful.  Twombly, 550
16 U.S. at 555; see also Iqbal, 556 U.S. at 686-87 (emphasizing that
17 allegations related to a defendant's state of mind must be based
18 on sufficient factual allegations to state a plausible claim for
19 relief).  Even if plaintiff's allegations might be sufficient to
20 state a claim for actual damages, see 15 U.S.C. § 1681o(a), he
21 does not seek actual damages and has therefore has not stated a
22 plausible claim to relief under § 1681n(a). Accordingly, the
23 court must grant defendants' motion to dismiss.[2]

   B.   Supplemental Jurisdiction

        Plaintiff asserts his ICRAA claim pursuant to 28 U.S.C.

---

[2] Because the court dismisses this claim on alternate grounds, it need not and does not reach the question of whether plaintiff's FCRA and/or ICRAA claims are barred by the applicable statutes of limitations.

7

1  § 1367, which authorizes federal courts to exercise supplemental
2  jurisdiction over state-law claims that are sufficiently related
3  to those claims over which they have original jurisdiction.  28
4  U.S.C. § 1367(a); United Mine Workers of Am. v. Gibbs, 383 U.S.
5  715, 725 (1966).  A district court "may decline to exercise
6  supplemental jurisdiction over a claim . . . if . . . the
7  district court has dismissed all claims over which it has
8  original jurisdiction."  28 U.S.C. § 1367(c)(3); see also Acri v.
9  Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) ("[A]
10 federal district court with power to hear state law claims has
11 discretion to keep, or decline to keep, them under the conditions
12 set out in § 1367(c).").

13         Factors courts consider in deciding whether to dismiss
14 supplemental state-law claims include judicial economy,
15 convenience, fairness, and comity.  City of Chicago v. Int'l
16 Coll. of Surgeons, 522 U.S. 156, 172-73 (1997).  "[I]n the usual
17 case in which federal law claims are eliminated before trial, the
18 balance of factors ... will point toward declining to exercise
19 jurisdiction over the remaining state law claims."  Reynolds v.
20 County of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996),
21 overruled on other grounds by Acri, 114 F.3d at 1000.

22         Because the court will dismiss plaintiff's FCRA claim,
23 only his state-law ICRAA claim remains.  None of the parties
24 identify any extraordinary or unusual circumstances suggesting
25 that the court should retain jurisdiction over plaintiff's ICRAA
26 claim in the absence of any claim over which the court has
27
28

original jurisdiction.[3]  The court therefore declines to exercise supplemental jurisdiction over plaintiff's ICRAA claim pursuant to 28 U.S.C. § 1367(c)(3).

        IT IS THEREFORE ORDERED that defendants' motion to dismiss be, and the same hereby is, GRANTED.  Plaintiff has twenty days from the date this Order is signed to file an amended Complaint, if he can do so consistent with this Order.

Dated:  August 28, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3]  Plaintiff's Complaint alleges only that the court "has jurisdiction under 15 U.S.C. [§] 1681p" and does not allege any other basis for jurisdiction.  For instance, it does not allege that the parties are from different states and that there is over $75,000 in controversy.  See 28 U.S.C. § 1332(a).  It also does not allege that the putative class of which plaintiff is a member contains at least one member who is diverse from at least one defendant and that there is over $5,000,000 in controversy.  See 28 U.S.C. § 1332(d).  Because plaintiff is the party invoking the court's jurisdiction, he bears the burden of showing that the court has original jurisdiction over at least one of his claims.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).  In the absence of any allegation to this effect, the court will not exercise jurisdiction over his state-law claim.