1  PETER R. DION-KINDEM (SBN 95267)
   THE DION-KINDEM LAW FIRM
2  PETER R. DION-KINDEM, P. C.
3  21550 Oxnard Street, Suite 900
   Woodland Hills, California 91367
4  Telephone:   (818) 883-4900
   Fax:         (818) 883-4902
5  Email:       peter@dion-kindemlaw.com

6  LONNIE C. BLANCHARD, III (SBN 93530)
   THE BLANCHARD LAW GROUP, APC
7  3311 East Pico Boulevard
   Los Angeles, CA 90023
8  Telephone:   (213) 599-8255
9  Fax:         (213) 402-3949
   Email:       lonnieblanchard@gmail.com

Attorneys for Plaintiff Sarmad Syed

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sarmad Syed, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>M-I LLC, a Delaware Limited Liability Company, PreCheck, Inc., a Texas Corporation, and Does 1 through 10,<br><br>Defendants. | Case No. 14-CV-00742-BAM<br><br>**Plaintiff's Objections to Defendant PreCheck, Inc.'s Request for Judicial Notice in Support of Motion to Dismiss First Amended Complaint**<br><br>Date:    October 20, 2014<br>Time:    2:00 p.m.<br>Ctrm:    5 |

Defendant improperly seeks to have this Court take judicial notice of the Declaration of Vu Do, one of its employees, and an Exhibit to such declaration. Defendant's request has no basis in the law and must be denied.

Rule 201 of the Federal Rules of Evidence provides:

(b) Kinds of facts that may be judicially noted

**Plaintiff's Objections to Defendant PreCheck, Inc.'s Request for Judicial Notice**

1

The court may judicially notice a fact that is not subject to reasonable dispute because it:

(1) is generally known within the trial court's territorial jurisdiction

(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned

Contrary to Defendant's contention, the Declaration of Vu Do and Exhibit A thereto are not facts that can be "accurately and readily determined from sources whose accuracy cannot be reasonably questioned." FRE 201(b)(2). Indeed, were Defendant's argument accepted, any party could ask the court to take judicial notice of any declaration submitted by such party in support of a motion. Defendant cites no apposite law which allows this, however.

Generally, a district court "may not consider any material beyond the pleadings" when ruling on a motion to dismiss. *Branch v. Tunnel* 14 F.3d 499, 453 (9th Cir. 1994). While it is true that the Ninth Circuit has held that a district court ruling on a motion to dismiss may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading," *Id.* at 454, this principle has no application in this case.

The policy concern underlying this rule is that a plaintiff may deliberately omit references to documents in their complaint in order to survive a Rule 12(b)(6) motion. *See Pension Benefit Guaranty Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A Defendant, however, may only attach an "undisputedly authentic document…as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id*.

In this case, Defendant PreCheck is attempting to have the Court take judicial notice of matters that clearly do not meet these criteria. PreCheck's cited authority in support of his request for judicial notice is clearly distinguishable from the instant case. In *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), for example, the Court held that only documents on which the plaintiff's claim necessarily relies may be attached by defendant to its 12(b)(6) motion. In *Parrino*, plaintiff, the insured under a HMO plan sponsored by his employer, sued the plan administrator and the plan's primary health care provider in state court for improperly denying his initial claim for medical treatment for a brain tumor, which ultimately killed him. *Id.* at 702. FHP removed the action to federal court, and it was ultimately dismissed pursuant to a FRCP 12(b)(6) motion. *Id.*

**Plaintiff's Objections to Defendant PreCheck, Inc.'s Request for Judicial Notice**

On appeal, Parrino argued that the district court lacked subject matter jurisdiction and that it had improperly considered the FHP Master Group Application in determining whether it had subject matter jurisdiction. *Id.* However, the Ninth Circuit held that because Parrino's First Amended Complaint made reference to the FHP "group plan" and its "cost containment program," any document governing plan membership, coverage, and administration were essential to his complaint. *Id.* at 706. Because the FHP Group Application included key terms regarding the plan covering Parrino, and its authenticity was not in dispute, the court ruled that it was proper for the district court to consider that document in its ruling. *Id.*

Here, Defendant had not established that Vu Do's Declaration or Exhibit A thereto are "documents on which plaintiff's claim necessarily relies." Moreover, there is nothing in the Declaration of Vu Do establishing that prior to furnishing M-I with Plaintiff's consumer report, PreCheck had received a certification from M-I that M-I "had complied" with the authorization and disclosure requirements. Rather, the Consumer Report User Agreement between M-I and PreCheck attached as Exhibit A to Vu Do's Declaration is dated June 24, 2002 and only contains the ***prospective*** promises by M-I as to what M-I "would do" in the future. Exhibit A simply does not contain any contemporaneous certification that M-I "had complied" with the authorization and disclosure requirements. Accordingly, Plaintiff's claims do not necessarily rely on Exhibit A.

Defendant PreCheck also cites *Cooper v. Pickett*, 137 F.3d 616, 623, in support of its request for judicial notice. In fact, the Court's decision in *Cooper*, supports Plaintiff's objections to PreCheck's request for judicial notice. In that case, the court declined to consider any of the documentary evidence filed with the motion to dismiss.

In *Cooper*, Cooper sued Merisel, Inc. and its officers and directors for violations of the Securities and Exchange Act of 1934. *Id*. at 619-20. Merisel filed a motion to dismiss and attached an appendix of exhibits, which included transcripts of conference calls, declarations, and a faxed copy of internal projections. *Id*. at 622. Merisel argued that the documents could be considered in reviewing the dismissal because they were referenced in Cooper's complaint. *Id.* The court found that although the complaint made allegations about the conference calls, it did not expressly mention or refer to the

transcripts. *Id*. In addition, the court found that because the authenticity and accuracy of the transcripts was in dispute, it could not be considered in its ruling. *Id*. Regarding the declarations and the faxed copy of the internal projections, the court also ruled that they could not be considered because they were not referenced in the complaint. *Id.*

In this case, Plaintiff's complaint does not expressly mention or refer to Vu Do's declaration or Exhibit A thereto.

Moreover, Plaintiff does not concede the accuracy or admissibility of the Declaration and also disputes the authenticity of facts set forth in Vu Do's declaration as well as Exhibit A. As discussed above, such declaration and Exhibit are irrelevant to Plaintiff's allegations.

There is no legal basis for this Court taking judicial notice of the Vu Do Declaration or Exhibit A thereto, and Defendant PreCheck's request for judicial notice should therefore be denied.

Dated: October 6, 2014     THE DION-KINDEM LAW FIRM

BY: _____
PETER R. DION-KINDEM, P.C.
PETER R. DION-KINDEM
Attorney for Plaintiff Sarmad Syed