1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

                            ----oo0oo----

11

12  SARMAD SYED, an individual,        CIV. NO. 1:14-742 WBS BAM
    on behalf of himself and all
13  others similarly situated,

14            Plaintiffs,

15       v.

16  PRECHECK, INC., a Texas
    Corporation; and DOES 1-10,
17
              Defendants.
18

19

20

                            ----oo0oo----

21

22            STATUS (PRETRIAL SCHEDULING) ORDER

23            Status Conference was held in this matter on November

24  24, 2014.  Peter Dion-Kindem appeared for plaintiff Sarmad Syed.

25  Raymond Muro appeared for defendant Precheck, Inc.

26            I.   SERVICE OF PROCESS

27            No further service is permitted without leave of court,

28  good cause having been shown under Federal Rule of Civil

                                 1

1  Procedure 16(b).

2  II.  JOINDER OF PARTIES/AMENDMENTS

3  No further joinder of parties or amendments to

4  pleadings will be permitted except with leave of court, good

5  cause having been shown under Federal Rule of Civil Procedure

6  16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604

7  (9th Cir. 1992).

8  III. JURISDICTION/VENUE

9  Jurisdiction is predicated upon federal question

10  jurisdiction, 28 U.S.C. § 1331, because plaintiff's asserts a

11  cause of action pursuant to 15 U.S.C. § 1681n(a) and alleges a

12  violation of the Fair Credit Reporting Act, 15 U.S.C.

13  § 1681(b)(1).  Venue is undisputed and is hereby found to be

14  proper.

15  IV.  DISCOVERY

16  The parties indicate that they made initial disclosures

17  required by Federal Rule of Civil Procedure 26(a)(1) on November

18  17, 2014.  Any remaining disclosures required by Rule 26(a)(1)

19  shall be made by no later than December 1, 2014.

20  The parties shall disclose experts and produce reports

21  in accordance with Federal Rule of Civil Procedure 26(a)(2) by no

22  later than April 1, 2015.  With regard to expert testimony

23  intended solely for rebuttal, those experts shall be disclosed

24  and reports produced in accordance with Federal Rule of Civil

25  Procedure 26(a)(2) on or before May 1, 2015.

26  All discovery, including depositions for preservation

27  of testimony, is left open, save and except that it shall be so

28  conducted as to be completed by June 30, 2015.  The word

1    "completed" means that all discovery shall have been conducted so

2    that all depositions have been taken and any disputes relevant to

3    discovery shall have been resolved by appropriate order if

4    necessary and, where discovery has been ordered, the order has

5    been obeyed.  All motions to compel discovery must be noticed on

6    the magistrate judge's calendar in accordance with the local

7    rules of this court and so that such motions may be heard (and

8    any resulting orders obeyed) not later than June 30, 2015.

9                   V.  <u>MOTION HEARING SCHEDULE</u>

10                  All motions, except motions for continuances, temporary

11   restraining orders, or other emergency applications, shall be

12   filed on or before August 27, 2015.  All motions shall be noticed

13   for the next available hearing date.  Counsel are cautioned to

14   refer to the local rules regarding the requirements for noticing

15   and opposing such motions on the court's regularly scheduled law

16   and motion calendar.

17              VI.  <u>FINAL PRETRIAL CONFERENCE</u>

18                  The Final Pretrial Conference is set for November 9,

19   2015, at 2:00 p.m. in Courtroom No. 5.  The conference shall be

20   attended by at least one of the attorneys who will conduct the

21   trial for each of the parties and by any unrepresented parties.

22                  Counsel for all parties are to be fully prepared for

23   trial at the time of the Pretrial Conference, with no matters

24   remaining to be accomplished except production of witnesses for

25   oral testimony.  Counsel shall file separate pretrial statements,

26   and are referred to Local Rules 281 and 282 relating to the

27   contents of and time for filing those statements.  In addition to

28   those subjects listed in Local Rule 281(b), the parties are to

1  provide the court with: (1) a plain, concise statement which

2  identifies every non-discovery motion which has been made to the

3  court, and its resolution; (2) a list of the remaining claims as

4  against each defendant; and (3) the estimated number of trial

5  days.

6       In providing the plain, concise statements of

7  undisputed facts and disputed factual issues contemplated by

8  Local Rule 281(b)(3)-(4), the parties shall emphasize the claims

9  that remain at issue, and any remaining affirmatively pled

10 defenses thereto.  If the case is to be tried to a jury, the

11 parties shall also prepare a succinct statement of the case,

12 which is appropriate for the court to read to the jury.

13       VII.  <u>TRIAL SETTING</u>

14       The trial is set for January 12, 2016, at 9:00 a.m.

15       VIII. <u>SETTLEMENT CONFERENCE</u>

16       A Settlement Conference will be set at the time of the

17 Pretrial Conference.  All parties should be prepared to advise

18 the court whether they will stipulate to the trial judge acting

19 as settlement judge and waive disqualification by virtue thereof.

20       Counsel are instructed to have a principal with full

21 settlement authority present at the Settlement Conference or to

22 be fully authorized to settle the matter on any terms.  At least

23 seven calendar days before the Settlement Conference counsel for

24 each party shall submit a confidential Settlement Conference

25 Statement for review by the settlement judge.  If the settlement

26 judge is not the trial judge, the Settlement Conference

27 Statements shall not be filed and will not otherwise be disclosed

28 to the trial judge.

4

1        IX.   MODIFICATIONS TO SCHEDULING ORDER

2            Any requests to modify the dates or terms of this

3   Scheduling Order, except requests to change the date of the

4   trial, may be heard and decided by the assigned Magistrate Judge.

5   All requests to change the trial date shall be heard and decided

6   only by the undersigned judge.

7   Dated:  November 25, 2014

8

9                         WILLIAM B. SHUBB
                          UNITED STATES DISTRICT JUDGE

5