PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P.C.
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Telephone:   (818) 883-4900
Email:         peter@dion-kindemlaw.com

LONNIE C. BLANCHARD, III (SBN 93530)
THE BLANCHARD LAW GROUP, APC
3579 East Foothill Blvd., No. 338
Pasadena, CA 91107
Telephone:   (213) 599-8255
Email:         lonnieblanchard@gmail.com

Attorneys for Plaintiff Sarmad Syed

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sarmad Syed, an individual, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>M-I LLC, a Delaware Limited Liability Company, PreCheck, Inc., a Texas Corporation, and Does 1 through 10,<br><br>    Defendants. | **Case No. 14-CV-00742-WBS-BAM**<br><br>**Plaintiff's Petition for Award of Attorneys' Fees and Costs and Representative Incentive Award; Memorandum in Support**<br><br>Date:     August 5, 2019<br>Time:    1:30 p.m.<br>Place:    Courtroom 5 |

　　Plaintiff hereby petitions for an award of statutory attorneys' fees in the sum of $300,000 payable directly by Defendant to Plaintiff's Counsel as agreed to by Defendant, total costs payable to Class Counsel as set forth in the accompanying Declarations of Peter R. Dion-Kindem and Lonnie C. Blanchard III, and an award of a $5,000 Class Representative Incentive Award to Plaintiff as provided and agreed to by Defendant in the Settlement Agreement.

**Plaintiff's Petition for Award of Attorneys' Fees and Costs and Representative Incentive Award**

1

## I. ATTORNEYS' COSTS

Under the Agreement, Defendant agreed not to oppose any application or motion by Class Counsel for an award of costs not to exceed $10,000. The Class Counsel Costs shall be paid out of the Gross Settlement Amount. Any portion of the Class Counsel Costs that are sought but not awarded to Class Counsel will revert to Defendant. (*See* Dion-Kindem Declaration, ¶ 6.)

Courts have recognized that Class Counsel should be reimbursed their litigation costs. (*See Harris v. Marhoefer* (9th Cir. 1994) 24 F.3d 16, 19 (counsel should recover "those out-of-pocket expenses that would normally be charged to a fee paying client"); *see also Ashker v. Sayre* (N.D. Cal., Mar. 7, 2011, No. 05-03759 CW) 2011 WL 825713, at *3 ("The costs of reproducing pleadings, motions and exhibits are typically billed by attorneys to their fee-paying clients" and are reimbursable); *Trustees of Const. Industry and Laborers Health and Welfare Trust v. Redland Ins. Co.* (9th Cir. 2006) 460 F.3d 1253, 1258–1259 (legal research costs reimbursable); *In re Immune Response Securities Litigation* (S.D. Cal. 2007) 497 F.Supp.2d 1166, 1178 (mediation expenses, consultant and expert fees, legal research, copies, postage, filing fees, messenger and federal express costs reimbursable); *Marhoefer*, *supra*, 24 F.3d at 19 (postage expenses reimbursable); *In re Media Vision Technology Securities Litigation* (N.D. Cal. 1996) 913 F.Supp. 1362, 1371 ("A filing fee or serving fee is unquestionably a necessary expense of every litigation").)

The total costs incurred by Counsel are $4,307.79. (Dion-Kindem Decl., ¶ 9; Blanchard Declaration, ¶ 6.) The litigation expenses by Class Counsel were reasonably incurred. (Dion-Kindem Decl., ¶ 8; Blanchard Declaration, ¶ 5.) No objections have been filed to the requested reimbursement of costs. Thus, the Court should grant the request for costs.

## II. ATTORNEYS' FEES

As part of the Settlement, Plaintiff and Defendant negotiated a separate attorneys' fees payment that was not deducted from the settlement funds obtained for the class's benefit but was based on a separately negotiated statutory attorney fee award, to which Plaintiff would have been entitled in addition to any damages awarded. Defendant agreed not to oppose any application or motion by Class

**Plaintiff's Petition for Award of Attorneys' Fees and Costs and Representative Incentive Award**

Counsel for an award of attorneys' fees not to exceed $300,000. (Dion-Kindem Decl., ¶ 10.) The Class Counsel Attorneys' Fees are not calculated as a portion of the Gross Settlement Amount but were separately negotiated by counsel taking into account the hours actually incurred by Plaintiff's counsel and their agreed upon hourly rate, which was specifically discussed and agreed upon in arriving at the $300,000. ***More importantly, the parties agreed that any portion of the Class Counsel Attorneys' Fees not awarded to Class Counsel will revert to Defendant and will not result in any additional benefit to the class, but only to Defendant.*** (Dion-Kindem Decl., ¶ 11.)

Although the Court has expressed a concern about the rate used by the parties in arriving at the $300,000 amount of statutory fees Defendant agreed to pay Plaintiff's counsel, the rates supporting the $300,000 payment of statutory attorneys' fees by Defendant was specifically discussed in negotiations concerning the $300,000 payment, and Defendant's counsel agreed to the $300,000 based on such rates. (Dion-Kindem Decl., ¶ 12.)

The statutory fees requested are substantially less than the approximately $379,000 in "lodestar" fees incurred based on the hours actually incurred by Class Counsel. (See Dion-Kindem Declaration, ¶ 29.) Moreover, based on the actual hours incurred by Plaintiff's counsel, this is an effective hourly rate of $692 ($300,000 / 433.25 hours = $692 per hour.) (Dion-Kindem Decl., ¶ 25.)

This rate is clearly within the range of rates awarded by federal courts in California to experienced partners. In *Stephanie Clifford v. Donald J. Trump, et al.,* Case No. 18-cv-06893-SJO (FFMx) 2018 WL 6519029 (appeal pending), an anti-SLAPP, lawsuit, Judge Otero stated the following about billing rates for partners in Northern California and the Los Angeles area:

> Based on the unique nature of this litigation and the Court's familiarity with the fees charged in this jurisdiction, the Court concludes that Defendant's rate requests are reasonable. In similar First Amendment anti-SLAPP litigation involving highly qualified attorneys, a court in the Northern District of California held that ***experienced partners were entitled to between $880 and $995 per hour***, senior associates were entitled to between $450 and $535 per hour, and junior associates were entitled to $355 per hour. *See* Open Source Sec., Inc. v. Perens, No. 17-CV-04002-LB, 2018 WL 2762637, at *7 (N.D. Cal. June 9, 2018). *See also* Salazar v. Midwest Servicing Grp., Inc., No. CV 17-0137 PSG (KSX), 2018 WL 4802139, at *7 (C.D. Cal. Oct. 2, 2018) *(**"In Los Angeles, partners in litigation have an hourly rate ranging from $340 to $745."**)*; Braden v. BH Fin. Servs., Inc., No. C 13-02287 CRB, 2014 WL 892897, at *6 (N.D. Cal. Mar. 4, 2014) (***holding that partners in an anti-SLAPP motion were entitled***

**Plaintiff's Petition for Award of Attorneys' Fees and Costs and Representative Incentive Award**

*to $610 per hour,* and associates were entitled to $310 per hour); Sarver v. Hurt Locker, LLC, No. 210CV09034JHNJCX, 2011 WL 13135126, at *3 (C.D. Cal. Dec. 8, 2011) (collecting cases)…" (Emphasis added.)

This case is certainly as legally complex, if not more complex, than an anti-SLAPP case.

Moreover, as this Court observed in *Schwarm v. Craighead* (E.D. Cal. 2011) 814 F.Supp.2d 1025, 1030, using a lodestar is appropriate in a case like this where the fee award calculated on a "percentage of the fund" method does not compensate the attorneys for the time spent on obtaining an excellent result:

> If the court were to use the percentage-of-the-fund method, it would produce an unreasonable result. Plaintiffs' attorneys would be awarded barely over $25,000 (twenty-five percent of the common fund, once litigation costs are subtracted) for over six years and five hundred hours of work, which led to a successful outcome for their clients and protected important consumer rights. *See In re Omnivision Tech., Inc.,* 559 F.Supp.2d 1036, 1046–47 (N.D.Cal.2008) (describing factors including the contingent nature of the fee, benefits achieved, and length of the litigation as reasons that a twenty-five percent award might be unreasonably low). Such an outcome would frustrate the policies behind the FDCPA, which was intended to encourage attorneys to pursue FDCPA claims despite potentially low recoveries. *See* 15 U.S.C. § 1692k(a)(3) (providing that successful plaintiffs are entitled to a reasonable attorney's fee); *Tolentino v. Friedman,* 46 F.3d 645, 651–52 (7th Cir.1995) (explaining that the FDCPA makes attorneys' fees mandatory in part to encourage parties to bring FDCPA claims that often "vindicate important ... rights that cannot be valued solely in monetary terms" (quoting *City of Riverside v. Rivera,* 477 U.S. 561, 562, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986))).

Defendant does not object to the payment of such statutory fees and specifically negotiated this amount and agreed to pay them separately from the class consideration. Given this negotiation and agreement, it would be unfair for the Court not to award such expressly-negotiated fees and reduce such fees, *which would only benefit Defendant and be contrary to the parties' express agreement as to the reasonable value of the attorneys' fees incurred by Plaintiff's counsel*. (Dion-Kindem Decl., ¶ 13.)

Accordingly, the Court should honor and enforce Defendant's negotiated agreement to pay $300,000 in statutory attorneys' fees incurred by Plaintiff's counsel in this litigation. (Dion-Kindem Decl., ¶ 14.)

**Plaintiff's Petition for Award of Attorneys' Fees and Costs and Representative Incentive Award**

### A.  Class Counsel obtained a substantial recovery for the Class.

Plaintiff obtained a substantial recovery for the settlement class. Class Counsel has therefore performed a valuable public service, and given the relatively small individual amounts at issue, this settlement furthers public policy by using the class action procedure to provide redress to those individuals who would otherwise not be able to access the judicial system to recover the statutory damage due them. (Dion-Kindem Decl., ¶ 15.)  As the Ninth Circuit stated in *Leyva v. Medline Industries Inc.* (9th Cir. 2013) 716 F.3d 510, 515, "In light of the small size of the putative class members' potential individual monetary recovery, class certification may be the only feasible means for them to adjudicate their claims."

### B.  Class Counsel's efforts support the requested fee award.

Class Counsel diligently and aggressively litigated this case from the outset, including a successful appeal to the Ninth Circuit. Class Counsel's efforts led to a significant recovery for the settlement class, particularly in this complex action involving a hotly disputed claim. (Dion-Kindem Decl., ¶ 18.)

### C.  Class Counsel's experience and skill also support the agreed upon fee award.

Class Counsel have almost 80 years of litigation experience between them and have been certified as class counsel in numerous other cases. (Dion-Kindem Decl., ¶ 19.)  "All class counsel are qualified, experienced, and skilled attorneys, who prosecuted this action effectively.  As a consequence, this factor weighs in favor of a generous fee award." (*See Fernandez v. Victoria Secret Stores, LLC* (C.D. Cal., July 21, 2008, No. CV 06-04149 MMM SHX) 2008 WL 8150856, at *12.)

### D.  The complexity of the issues also supports the fee award.

This litigation involved an unsettled issue pertaining to Defendant's liability for its inclusion of release language in the FCRA disclosure and authorization forms it utilized. Plaintiff's counsel was able to obtain the first definitive and important Court of Appeal opinion resolving this complex issue. This appellate decision by the Ninth Circuit Court of Appeals was filed on January 20, 2017 and amended on March 20, 2017. The importance of this decision is demonstrated by the fact that Westlaw reports at least 380 citing references to the decision.  (Dion-Kindem Decl., ¶ 16.)

**Plaintiff's Petition for Award of Attorneys' Fees and Costs and Representative Incentive Award**

Moreover, Defendant filed a Petition for Writ of Certiorari to the United States Supreme Court that was briefed and ultimately denied on November 17, 2017. (Dion-Kindem Decl., ¶ 17.) In support of Defendant's petition for Petition for Writ of Certiorari, the Chamber of Commerce of the United States of America petitioned for and was granted the right to file an amicus brief. As a result of these appeals, Plaintiff's counsel has prosecuted this case for approximately five years. (*Id.*)

### E.     The risk of non-payment always existed.

Class Counsel took this matter on a purely contingent basis. (Dion-Kindem Decl., ¶ 20.) Not only have Class Counsel rendered their services without any compensation, they have advanced all costs. (*Id.*) Thus, because there was a real risk that they would not be compensated for their work, the requested fee award is appropriate. (*See Barbosa v. Cargill Meat Solutions Corp.* (E.D. Cal. 2013) 297 F.R.D. 431, 449; *Murillo v. Pacific Gas & Elec. Co.* (E.D. Cal., July 21, 2010, No. 2:08-1974 WBS GGH) 2010 WL 2889728, at *12; *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132–1133 [104 Cal.Rptr.2d 377, 17 P.3d 735] ("A lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of his work if he is only paid for the second of these functions. If he is paid no more, competent counsel will be reluctant to accept fee award cases.") [internal citation omitted].)

### F.     The reaction of the settlement class is positive.

Notice of this proposed settlement, including the amounts requested for attorneys' fees, costs, and Plaintiff's incentive award was mailed to the class members. Not a single class member filed an objection to the requested fee award. (Dion-Kindem Decl., ¶ 21.) This factor also strongly supports the requested fee award. (*Thieriot v. Celtic Ins. Co.* (N.D. Cal., Apr. 21, 2011, No. C-10-04462-LB) 2011 WL 1522385, at *6 ("The fact that no members of the 390–person class objected to the proposed . . . fee award—which was also communicated in the notice—supports an increase in the benchmark rate."); *McPhail v. First Command Financial Planning, Inc.* (S.D. Cal., Mar. 30, 2009, No. 05CV179-IEGJMA) 2009 WL 839841, at *6 ("The presence of a small minority of objectors strongly supports a finding that the settlement is fair, reasonable, and adequate.").)

### G. Class Counsel's lodestar reflects that the fee requested is reasonable.

Class Counsel's lodestar, which rates were specifically negotiated and agreed to by Defendant, is approximately $379,000, which is larger than the $300,000 in statutory fees Defendant agreed to pay. (Dion-Kindem Decl., ¶ 29.)

## III. THE $5,000 INCENTIVE PAYMENT TO PLAINTIFF SHOULD BE APPROVED.

The Settlement Agreement provides that Plaintiff Sarmad Syed will apply for an incentive award of up to $5,000 to compensate him appropriately for the risk in pursuing the litigation and his efforts in prosecuting this case including retaining and assisting counsel and keeping abreast of the litigation. M-I agreed not to oppose the request. Any portion of the Class Representative Service Award not awarded to Plaintiff will not revert to Defendant, but instead shall be returned to the Net Settlement Amount for distribution to Participating Class Members.

Not a single class member filed an objection to this request. (Dion-Kindem Decl., ¶ 32.)

"In general, courts have found that $5,000 incentive payments are reasonable." (*Hopson v. Hanesbrands Inc.* (N.D. Cal., Apr. 3, 2009, No. CV-08-0844 EDL) 2009 WL 928133, at *10 (*citing In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000); *In re SmithKline Beckman Corp. Securities Litigation* (E.D. Pa. 1990) 751 F.Supp. 525, 535; *Alberto v. GMRI, Inc.* (E.D. Cal. 2008) 252 F.R.D. 652, 669.)

The proposed amount of plaintiff's incentive award is lower than awards found to be fair and reasonable in other cases. (*See, e.g., Van Vranken v. Atlantic Richfield Co.* (N.D. Cal. 1995) 901 F.Supp. 294, 300 (holding that incentive award of $50,000 to each named plaintiff was fair and reasonable); *Glass v. UBS Financial Services, Inc.* (N.D. Cal., Jan. 26, 2007, No. C-06-4068 MMC) 2007 WL 221862, at *16, *aff'd* (9th Cir. 2009) 331 Fed.Appx. 452 (approving incentive award of $25,000 for each of four named plaintiffs).)

Here, Plaintiff filed this class action lawsuit to enforce the FCRA through private enforcement. Plaintiff spent many hours assisting Class Counsel in prosecuting this case. Plaintiff's efforts included gathering documents for use in this lawsuit, communicating with Class Counsel on numerous occasions, strategizing with Class Counsel, and communicating with Class Counsel regarding

**Plaintiff's Petition for Award of Attorneys' Fees and Costs and Representative Incentive Award**

settlement issues. Plaintiff also bore the substantial financial risk associated with class action litigation, potentially being personally responsible for substantial costs if the claims did not succeed. (Dion-Kindem Decl., ¶ 34.)

Consequently, the Court may and should award an incentive payment to Plaintiff "to compensate [the] class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." (*See Rodriguez v. West Publishing Corp.* (9th Cir. 2009) 563 F.3d 948, 958–959; *Schiller v. David's Bridal, Inc.* (E.D. Cal., June 11, 2012, No. 1:10-CV-00616-AWI) 2012 WL 2117001, at *23, *report and recommendation adopted* (E.D. Cal., June 28, 2012, No. 1:10-CV-616-AWI-SKO) 2012 WL 13040405 (granting request for incentive payment based on class representative's efforts in assisting class counsel and financial risk, *inter alia*).) (Dion-Kindem Decl., ¶ 35.)

Moreover, the requested $5,000 incentive payment is not excessive; the amount constitutes only 1.95% of the total amount payable by the Defendant ($5,000/$256,000). (*See, e.g.*, *Singer v. Becton Dickinson and Co.* (S.D. Cal., June 1, 2010, No. 08-CV-821-IEG (BLM)) 2010 WL 2196104, at *7 (approving incentive payment constituting 2.5% of gross settlement fund).

For these reasons, Class Counsel respectfully request that the Court grant the requested $5,000 incentive payment for Plaintiff who litigated this case to the Ninth Circuit and obtained an appellate decision of first impression in the FCRA context.

Dated: July 8, 2019             THE DION-KINDEM LAW FIRM

BY: _____
    PETER R. DION-KINDEM, P.C.
    PETER R. DION-KINDEM
    Attorney for Plaintiff Sarmad Syed

**Plaintiff's Petition for Award of Attorneys' Fees and Costs and Representative Incentive Award**