PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P.C.
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Telephone:    (818) 883-4900
Email:         peter@dion-kindemlaw.com

LONNIE C. BLANCHARD, III (SBN 93530)
THE BLANCHARD LAW GROUP, APC
3579 East Foothill Blvd., No. 338
Pasadena, CA 91107
Telephone:    (213) 599-8255
Email:         lonnieblanchard@gmail.com

Attorneys for Plaintiff Sarmad Syed

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sarmad Syed, an individual, on behalf of himself and all others similarly situated, | Case No. 14-CV-00742-WBS-BAM |
| Plaintiff, | **Plaintiff's Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement** |
| vs. | |
| M-I LLC, a Delaware Limited Liability Company, PreCheck, Inc., a Texas Corporation, and Does 1 through 10, | Date:        August 5, 2019<br>Time:        1:30 p.m.<br>Place:        Courtroom 5 |
| Defendants. | |

**Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement**

## **Table of Contents**

I.   INTRODUCTION. ...................................................................................................1

II.  THIS SETTLEMENT WARRANTS FINAL APPROVAL. ...........................................1

    A.   The settlement is fair, adequate, and reasonable. ......................................1

        1.   The strength of Plaintiff's case ......................................................2

        2.   The risk, expense, complexity, and duration of further litigation...............2

        3.   The risk of maintaining class action status ..................................3

        4.   The amount offered in settlement is reasonable given the realistic value of the claims considering the litigation risks.....................................3

        5.   The discovery completed and the status of proceedings............................3

        6.   The experience and views of counsel ........................................3

        7.   The reaction of the class members to the proposed settlement....................4

III. THE CLASS CERTIFICATION ENTERED BY THE COURT IN ITS PRELIMINARY APPROVAL ORDER SHOULD BE MAINTAINED. .................................................................................4

IV.  THE COURT-ORDERED NOTICE COMPORTS WITH DUE PROCESS. .............................4

    A.   Notice Mailing ...........................................................................5

    B.   Settlement Payments....................................................................6

    C.   Requests for Exclusion and Objections .................................................6

V.   CONCLUSION.....................................................................................6

## Table of Authorities

## Cases

*Churchill Village, L.L.C. v. General Electric* (9th Cir. 2004) 361 F.3d 566 ............................................ 5

*Eisen v. Carlisle and Jacquelin* (1974) 417 U.S. 156 ................................................................ 4

*Gribble v. Cool Transports Inc.* (C.D. Cal., Dec. 15, 2008, No. CV 06-04863 GAF SHX) 2008 WL 5281665 ................................................................................................................................... 3

*In re Heritage Bond Litigation* (9th Cir. 2008) 546 F.3d 667 ...................................................... 1

*In re Pacific Enterprises Securities Litigation* (9th Cir. 1995) 47 F.3d 373 ................................ 3

*In re Portal Software, Inc. Securities Litigation* (N.D. Cal., Nov. 26, 2007, No. C-03-5138 VRW) 2007 WL 4171201 ..................................................................................................................... 2

*In re Syncor ERISA Litigation* (9th Cir. 2008) 516 F.3d 1095 .................................................... 1

*Linney v. Cellular Alaska Partnership* (9th Cir. 1998) 151 F.3d 1234 ...................................... 3

*Marshall v. Holiday Magic, Inc.* (9th Cir. 1977) 550 F.2d 1173 ................................................ 4

*National Rural Telecommunications Cooperative v. DIRECTV, Inc.* (C.D. Cal. 2004) 221 F.R.D. 523 2, 4

*Rodriguez v. West Publishing Corp.* (9th Cir. 2009) 563 F.3d 948 ............................................. 2

*Schiller v. David's Bridal, Inc.* (E.D. Cal., June 11, 2012, No. 1:10-CV-00616-AWI) 2012 WL 2117001 ................................................................................................................................... 4

*Wren v. RGIS Inventory Specialists* (N.D. Cal., Apr. 1, 2011, No. C-06-05778 JCS) 2011 WL 1230826 ................................................................................................................................... 2

## Rules

Fed. R. Civ. Proc. 23 ................................................................................................................. 1, 4

## I.   INTRODUCTION.

Plaintiff Sarmad Syed ("Plaintiff") seeks final approval of this class action settlement with Defendant M-I, LLC that provides tangible monetary relief to 4,291 class members whose rights under the FCRA were violated. The net recovery per class member is approximately $46.84. (Alcantara Decl. ¶ 12.) Only four class members opted out of the settlement (Alcantara Decl. ¶ 13), and not a single class member objected to the settlement. (*Id.*)

In its March 12, 2019 Order granting preliminary approval, this Court concluded that "the court finds that preliminary approval of the proposed class, proposed class settlement, proposed class counsels' fee and settlement allocation, and proposed plan of notice is appropriate." (*See* Docket Entry ("DE") No. 132 at 22:2-5.) This Court further certified the following settlement class under Rule 23:

> All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom M-I L.L.C. may have procured or caused to be procured a consumer report for employment purposes during the period from May 19, 2009 through November 1, 2018, who M-I L.L.C. hired, and who have not signed a severance agreement and release or equivalent agreement releasing the claims asserted in the Action

## II.   THIS SETTLEMENT WARRANTS FINAL APPROVAL.

A proposed class action settlement can be "settled, voluntarily dismissed, or compromised only with the court's approval." (*See* Fed. R. Civ. Proc. 23(e).)  Thus, to approve this proposed class action settlement, this Court must conclude that the proposed settlement is "fair, adequate and reasonable," and is the product of arm's-length and informed negotiations. (*See In re Heritage Bond Litigation* (9th Cir. 2008) 546 F.3d 667, 674.) According to the Ninth Circuit, "there is a strong judicial policy that favors settlement, particularly where complex class action litigation is concerned." (*See In re Syncor ERISA Litigation* (9th Cir. 2008) 516 F.3d 1095, 1101 (citing *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)).)

### A.   The settlement is fair, adequate, and reasonable.

In determining whether a proposed class action settlement is "fair, reasonable, and adequate," as required by Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court may consider some or all of the following factors: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and

---

**Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement**

likely duration of further litigation; (3) the risk of maintaining class action status throughout trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant;[1] and (8) the reaction of the class members to the proposed settlement.  (*See Rodriguez v. West Publishing Corp.* (9th Cir. 2009) 563 F.3d 948, 963.)  Plaintiff addresses each of these factors below.

### 1.    The strength of Plaintiff's case

Although Plaintiff steadfastly maintains that his claim is meritorious, Plaintiff appreciated that Defendant's defenses to certification, including Article III standing issues, made certification potentially problematic. Despite Defendant's defenses, however, Plaintiff secured a substantial recovery for the class. This factor therefore supports final approval.  Indeed, "[i]n most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." (*National Rural Telecommunications Cooperative v. DIRECTV, Inc.* (C.D. Cal. 2004) 221 F.R.D. 523, 526 (internal quotations omitted).)

### 2.    The risk, expense, complexity, and duration of further litigation

If this case had not been settled, the *Spokeo* decision might preclude Plaintiff from pursuing the claim on a class-wide basis. This settlement avoids the risk of non-recovery and the additional, accompanying expense associated with an appeal. (*In re Portal Software, Inc. Securities Litigation* (N.D. Cal., Nov. 26, 2007, No. C-03-5138 VRW) 2007 WL 4171201, at *3 (noting that the "inherent risks of proceeding to summary judgment, trial and appeal also support the settlement").) Therefore, this factor supports final approval.

---

[1] This factor is not addressed because there is no governmental participant. (*See,  e.g., Wren v. RGIS Inventory Specialists* (N.D. Cal., Apr. 1, 2011, No. C-06-05778 JCS) 2011 WL 1230826, at *10, *supplemented* (N.D. Cal., May 13, 2011, No. C-06-05778 JCS) 2011 WL 1838562 ("Because there is no governmental entity involved in this litigation, the seventh factor is inapplicable").)

**Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement**

**3.      The risk of maintaining class action status**

Plaintiff had not yet filed a motion for class certification, and Defendant had defenses to certification, especially on the Article III standing issue. Thus, absent settlement, there was a risk that there would not be a certified class at the time of trial.  This factor also supports final approval.

**4.      The amount offered in settlement is reasonable given the realistic value of the claims considering the litigation risks.**

As this Court concluded in its preliminary approval order, the settlement agreement's terms fall within the range of reasonableness. As detailed in the motion for preliminary approval, this settlement provides a monetary recovery for the settlement class in the face of a vigorously disputed claim.  Given the litigation risks involved regarding the merits, Plaintiff submits that this settlement is squarely within the realm of being fair, reasonable, and adequate. Indeed, "[t]he fact that a proposed settlement may only amount to a fraction of the potential recovery does not, in and of itself, mean that the proposed settlement is grossly inadequate and should be disapproved." (*Linney v. Cellular Alaska Partnership* (9th Cir. 1998) 151 F.3d 1234, 1242 (internal quotations omitted).)

**5.      The discovery completed and the status of proceedings**

This case has gone to the Ninth Circuit, which ruled in favor of Plaintiff on liability. Only class certification and damages remained to be determined. Thus, this factor also supports final approval.

**6.      The experience and views of counsel**

"Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." (*In re Pacific Enterprises Securities Litigation* (9th Cir. 1995) 47 F.3d 373, 378.) Here, Plaintiff is represented by competent, experienced, and aggressive class action counsel who pressed Plaintiff's claims forward against a large corporate defendant which was represented by a large firm. (*See* Dion-Kindem Decl., ¶¶ 16-19.) Consideration of this factor therefore strongly supports final approval. (*See, e.g.*, *Gribble v. Cool Transports Inc.* (C.D. Cal., Dec. 15, 2008, No. CV 06-04863 GAF SHX) 2008 WL 5281665, at *9 ("Great weight is accorded to the recommendation of counsel, who are most likely acquainted with the facts of the underlying litigation.").)

**Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement**

**7.     The reaction of the class members to the proposed settlement**

A court may infer that a class action settlement is fair, adequate, and reasonable when few class members object. (*See Marshall v. Holiday Magic, Inc.* (9th Cir. 1977) 550 F.2d 1173, 1178.) "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members." (*See National Rural Tele. Coop., supra*, 221 F.R.D. at 529.)

Here, not a single class member filed an objection to the proposed settlement after notice was provided to members of the Settlement Class informing them about the terms of the proposed settlement, their estimated individual settlement payout and rights under the settlement, the amounts sought by Class Counsel in attorneys' fees and costs, and the amounts sought by the Class Representative as an enhancement award. (Alcantara Decl. ¶ 14.) Moreover, only four class members elected to opt-out of this settlement. (Alcantara Decl. ¶ 13.) Thus, this factor supports final settlement approval.

**III.   THE CLASS CERTIFICATION ENTERED BY THE COURT IN ITS PRELIMINARY APPROVAL ORDER SHOULD BE MAINTAINED.**

In its preliminary approval order, this Court preliminarily certified the settlement class for settlement purposes only. The Court found that the Settlement Class met the Rule 23(a) requirements of numerosity, commonality, typicality and adequacy, and satisfied the Rule 23(b)(3) requirements of predominance and superiority.  Because circumstances have not changed, and for the reasons set forth in Plaintiff's motion for preliminary approval, Plaintiff requests that the Court finally certify the Settlement Class for settlement purposes under Rule 23(e). (*See Schiller v. David's Bridal, Inc.* (E.D. Cal., June 11, 2012, No. 1:10-CV-00616-AWI) 2012 WL 2117001, at *8, *report and recommendation adopted* (E.D. Cal., June 28, 2012, No. 1:10-CV-616-AWI-SKO) 2012 WL 13040405 ("As initially determined in the Court's preliminary approval order and as set forth above, the Rule 23(a) requirements for class certification have been satisfied.").)

**IV.   THE COURT-ORDERED NOTICE COMPORTS WITH DUE PROCESS.**

Due process requires that notice be provided to class members by the best reasonable method available. (*See Eisen v. Carlisle and Jacquelin* (1974) 417 U.S. 156, 173 [94 S.Ct. 2140, 2150, 40

**Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement**

L.Ed.2d 732].) Notice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." (*See Churchill Village, L.L.C. v. General Electric* (9th Cir. 2004) 361 F.3d 566, 575.) Here, the parties engaged Simpluris, Inc., an experienced third-party settlement administrator, to mail the Class Notice and related forms to settlement class members. (Alcantara Decl., ¶¶ 1-3.) The concurrently-filed declaration of Norman Alcantara details Simpluris' settlement administration efforts.

### A.    Notice Mailing

On April 1, 2019, Simpluris received the Court-approved Notice of Settlement (hereafter "Notice Packet"). The Notice Packet advised Class Members of their right to request exclusion from the Settlement, object to the Settlement, do nothing, and the implications of each such action.  The Notice Packet advised Class Members of applicable deadlines and other events, including the Final Approval Hearing, and how Class Members could obtain additional information. (Alcantara Decl. ¶ 5.)

On April 2, 2019, Counsel for Defendant provided Simpluris with a mailing list ("Class List") containing Class Members' names, most recent mailing address and telephone numbers, social security numbers, and pertinent employment information for each Class Member during the Class Period. The Class List contained data for 4,295 Class Members. (Alcantara Decl. ¶ 6.)

The mailing addresses contained in the Class List were processed and updated utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service. The NCOA contains requested changes of address filed with the U.S. Postal Service. If any individual had filed a U.S. Postal Service change of address request, the address listed with the NCOA would be utilized in connection with the mailing of the Notice Packets. (Alcantara Decl. ¶ 7.)

On April 16, 2019, Notice Packets were mailed to 4,295 Class Members with addresses contained in the Class List via First Class mail or addresses updated via the NCOA search. A copy of the Notice Packet is attached hereto as Exhibit A to the Alcantara Declaration**.** (Alcantara Decl. ¶ 8.)

If a Class Member's Notice Packet was returned by the USPS as undeliverable and without a forwarding address, Simpluris performed an advanced address search (*i.e.* skip trace) on all these addresses by using Accurint, a reputable research tool owned by Lexis-Nexis.  Simpluris used the Class

**Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement**

Member's name and previous address to locate a current address.  Through the advanced address search, Simpluris was able to locate eight updated addresses, and Simpluris promptly mailed the Notice Packets to those updated addresses.  Ultimately, there were only 76 Notice Packets that were undeliverable. (Alcantara Decl. ¶ 9.)

**B.      Settlement Payments**

As of June 27, 2019, there are 4291 Class Members who will be paid their portion of the Net Settlement Fund. This number excludes the Class Members who opted out. (Alcantara Decl. ¶ 10.)

The Net Settlement Fund of $201,000.00 available to pay Claimants was determined by subtracting Class Counsel's Fees ($300,000.00), Class Counsel's Costs Payment ($10,000.00), Named Plaintiff Service Award ($5,000.00) and the Administration Costs ($40,000.00) from the Maximum Settlement Amount ($556,000.00). (Alcantara Decl. ¶ 11.)

As of this date, $201,000.00 of the Net Settlement Fund will be disbursed to the Class Members. The *average estimated payment* is $46.84, and the *highest estimated payment* is $46.84. (Alcantara Decl. ¶ 12.)

**C.      Requests for Exclusion and Objections**

As of June 27, 2019, Simpluris has received four Requests for Exclusion from Class Members. (Alcantara Decl. ¶ 13.)

As of June 27, 2019, Simpluris has not received any Objections to the Settlement from Class Members. (Alcantara Decl. ¶ 14.)

**V.      CONCLUSION**

For the reasons set forth herein, Plaintiff respectfully requests that the Court grant this motion and enter the order granting final approval.

Dated: July 8, 2019                    THE DION-KINDEM LAW FIRM

BY: _____
        PETER R. DION-KINDEM, P.C.
        PETER R. DION-KINDEM
        Attorney for Plaintiff Sarmad Syed

**Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement**